IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSUE FIGUEROA                    :        CIVIL ACTION

     v.                            :

MIKE WENEROWICZ, et al.           :        NO.  11-1292

## REPORT AND RECOMMENDATION

THOMAS J. RUETER
United States Magistrate Judge                    October 24, 2012

     Presently before the court is a pro se petition for a writ of habeas corpus filed

pursuant to 28 U.S.C. § 2254.  Petitioner is incarcerated in the State Correctional Institution

located in Graterford, Pennsylvania.  For the reasons that follow, the court recommends that the

petition be denied.

## I.    BACKGROUND AND PROCEDURAL HISTORY

     On July 17, 1988, after a jury trial before the Honorable David E. Mellenberg in

the Court of Common Pleas of Lehigh County, petitioner was convicted of rape, involuntary

deviate sexual intercourse, indecent assault, and corruption of minors.  Commonwealth v.

Figueroa, No. 2940 EDA 2008, slip op. at 2 (Pa. Super. Ct. Sept. 22, 2009).  The state court set

forth the following account of the events underlying petitioner's convictions:

> This case arose out of an incident that occurred on May 10, 1987.  The
> victim was a minor female, who was a friend of [petitioner's] daughter.
> Conflicting testimony was presented at trial, but both the victim and [petitioner]
> agreed that [petitioner] picked the victim up in Allentown, Pennsylvania, and
> after at least two stops to purchase beer and gas, [petitioner] allowed the victim to
> drive his car.  The victim testified that [petitioner] demanded something in return
> for letting her drive and grabbed her breast.  The victim got out of the vehicle and
> tried to run away, however, [petitioner] chased her, grabbed her by the jacket and
> hair, and dragged her into the nearby woods.  [Petitioner] forced the victim to the
> ground, slapped her twice, and removed her clothing.  [Petitioner] threatened the

victim, hit her again, then raped her multiple times, forced her to perform oral sex, and attempted to penetrate her anally.  When a passing motorist stopped to investigate, the victim escaped.  Another driver picked her up and took her to his house, where the police were called.

Id. at 2.  Petitioner's pro se post trial motions for a new trial and arrest of judgment were denied.

Petitioner's pro se motion for withdrawal of counsel for reasons of ineffectiveness was granted

on August 15, 1988.  After confusion regarding who was appointed to represent petitioner, on

August 5, 1992, Daylin Leach, Esquire was appointed to represent petitioner.  Commonwealth v.

Figueroa, No. CP-39-CR-0001527-1987, slip op. at 4 (C.P. Lehigh Nov. 18, 1997).  On January

25, 1993, petitioner was sentenced to an aggregate term of imprisonment of twelve and one-half

to twenty-five years. Id. at 4-5.  The judgment of sentence was affirmed on August 18, 1993, and

the Supreme Court of Pennsylvania denied a request for review on April 19, 1994.

On January 23, 1996, petitioner filed a pro se petition pursuant to Pennsylvania's Post

Conviction Relief Act ("PCRA"), 42 Pa. Cons. Stat. Ann. § 9541, et seq.  Appointed counsel

filed an amended PCRA petition and a hearing was held.  Commonwealth v. Figueroa, No. 2940

EDA 2008, slip op. at 2 (Pa. Super. Ct. Sept. 22, 2009).  The PCRA court determined that

petitioner's claims lacked merit and denied the PCRA petition on November 18, 1997.

Commonwealth v. Figueroa, No. CP-39-CR-0001527-1987 (C.P. Lehigh Nov. 18, 1997).  The

Superior Court of Pennsylvania affirmed denial of the PCRA petition on September 7, 2000.

Commonwealth v. Figueroa, No. 2518 EDA 1999 (Pa. Super. Ct. Sept. 7, 2000).

Thereafter, petitioner filed a petition for a writ of habeas corpus in the United

States District Court for the Eastern District of Pennsylvania, Civil Action No. 01-4405.  On

September 9, 2005, the district court ordered the Commonwealth to reinstate petitioner's direct

2

appeal rights.  Counsel was appointed, and petitioner filed a notice of appeal on October 8, 2008 and a statement of matters complained of on appeal on October 30, 2008.  Commonwealth v. Figueroa, No. CP-39-CR-001527-1987, slip op. at 6 (C.P. Lehigh Dec. 4, 2008).  In an opinion dated December 4, 2008, the trial court denied and dismissed petitioner's appeal.  Id. at 7.  The Superior Court of Pennsylvania affirmed the judgment of sentence on September 22, 2009.  Commonwealth v. Figueroa, No. 2940 EDA 2008 (Pa. Super. Ct. Sept. 22, 2009).  On March 19, 2010, the Supreme Court of Pennsylvania denied petitioner's request for review.  Commonwealth v. Figueroa, No. 767 MAL 2009 (Pa. Mar. 19, 2010.)

       On October 12, 2010, petitioner, acting pro se, filed a second PCRA petition in the trial court.  The PCRA court issued a Notice of Intent to Dismiss on November 10, 2010.  By Order dated December 8, 2010, the PCRA court denied the PCRA petition following petitioner's failure to respond to the court's Notice of Intent to Dismiss.  On February 24, 2011, petitioner filed the instant pro se habeas petition.  By Order dated July 29, 2011, the Honorable Petrese B. Tucker approved and adopted the Report and Recommendation of the undersigned and ordered that the petition for a writ of habeas corpus filed in federal court be stayed until thirty days after completion of state court appellate proceedings.  (Doc. Nos. 12 and 14.)

       The Superior Court of Pennsylvania affirmed denial of the PCRA petition on December 19, 2011, Commonwealth v. Figueroa, 40 A.3d 196 (Pa. Super. Ct. Dec. 19, 2011) (Table), and the Supreme Court of Pennsylvania denied petitioner's request for relief on May 16, 2012, Commonwealth v. Figueroa, 46 A.3d 715 (Pa. May 16, 2012) (Table).  By Order dated June 12, 2012, the stay imposed by the district court was vacated.  (Doc. No. 16.)

The instant pro se petition for a writ of habeas corpus dated February 21, 2011, was filed on February 24, 2011.[1] (Doc. No. 1.)  Respondents filed a response to the petition on July 30, 2012. (Doc. No. 19.)  Petitioner filed a reply brief on September 6, 2012.  (Doc. No. 21.)  Petitioner also filed a Motion to Expand the Record with Transcripts from Jury Selection (Doc. No. 17) and a Petition for Appointment of Counsel (Doc. No. 20).  Petitioner raises the following four claims for habeas relief:

1.     Whether [Petitioner] Received Ineffective [Assistance] of Counsel for Counsel's Failure to Preserve Favorable Evidence Exclude [sic] by the Trial Court?

2.     Ineffective Assistance of Counsel Due to Trial Counsel's Failure to Explain to Petitioner Remifications [sic] of Testifying on his Own Behalf?

3.     Did Petitioner Received [sic] Ineffective [Assistance] of Counsel During His Direct Appeal Phase When Counsel Created An Inordinate Delay In Violation of Due Process of th [sic] 14th. Amendment to the U.S. [Constitution]?

4.     Was Petitioner's Constitutional Right to a Fair Trial Violated [When] Blacks and Hispanics Were Excluded From His Jury In Violation of Batson v. Kentucky, And the 6th and 14th Amendment[s] to the U.S. [Constitution]?

(Pet. ¶ 12.)

Respondents urge that the petition be denied as the claims are either meritless or procedurally defaulted.  For the reasons set forth herein, the court recommends that the habeas petition be denied.

---

[1]     Respondents do not contest the timeliness of the habeas petition.  (Resp. at 3.)

4

## II.   DISCUSSION

### A.   Habeas Corpus Standards

Petitioner's habeas petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  The provisions of the AEDPA relevant to the instant matter provide as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has instructed that the "contrary to" and "unreasonable application" clauses in Section 2254(d)(1) should be viewed independently.  Williams v. Taylor, 529 U.S. 362, 404-05 (2000).  With respect to Section 2254(d)(1), a federal habeas petitioner is entitled to relief under the "contrary to" clause only if "the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Id. at 413.  The Court in Williams was careful to note that most cases will not fit into this category, which is limited to direct and unequivocal contradiction of Supreme Court authority.  Id. at 406-08.

Under the "unreasonable application" clause, a federal habeas court may not issue the writ simply because that court concludes "that the relevant state-court decision applied clearly

5

established federal law erroneously or incorrectly." Williams, 529 U.S. at 411.  Relief is appropriate only where the state court decision also is objectively unreasonable. Id.  See also Waddington v. Sarausad, 555 U.S. 179, 190 (2009) (same).  "A state court decision will be an 'unreasonable application' if (1) 'the state court identifies the correct governing legal rule from [the] Court's cases but unreasonably applies it to the facts of the particular . . . case'; or (2) 'the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.'" Appel v. Horn, 250 F.3d 203, 209 (3d Cir. 2001) (quoting Williams, 529 U.S. at 407).

   With respect to 28 U.S.C. § 2254(d)(2), which dictates that federal habeas relief may be granted when the state court adjudication was based on an unreasonable determination of the facts in light of the evidence presented, the petitioner must demonstrate that a reasonable fact-finder could not have reached the same conclusions given the evidence.  If a reasonable basis existed for the factual findings reached in the state courts, then habeas relief is not warranted. Campbell v. Vaughn, 209 F.3d 280, 290-91 (3d Cir. 2000), cert. denied, 531 U.S. 1084 (2001).

**B.**  **Exhaustion and Procedural Default**

   It is well established that a prisoner must present all of his claims to a state's intermediate court, as well as to its supreme court, before a district court may entertain a federal petition for habeas corpus.  28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 845, 847 (1999); Rolan v. Coleman, 680 F.3d 311, 317 (3d Cir. 2012).[2]  "The exhaustion

---

   2.  On May 9, 2000, the Pennsylvania Supreme Court issued Order No. 218 that declares that federal habeas petitioners no longer have to appeal to the state supreme court to satisfy the exhaustion requirement.  The Third Circuit has recognized the validity of this Order.

requirement ensures that state courts have the first opportunity to review federal constitutional challenges to state convictions and preserves the role of state courts in protecting federally guaranteed rights." Caswell v. Ryan, 953 F.2d 853, 857 (3d Cir.), cert. denied, 504 U.S. 944 (1992). To satisfy the exhaustion requirement, a petitioner must demonstrate that the claim raised in the federal petition was "fairly presented" to the state courts. Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275 (1971)). See also Baldwin v. Reese, 541 U.S. 27, 29 (2004) (same). Petitioner must show that "the claim brought in federal court [is] the substantial equivalent of that presented to the state courts. Both the legal theory and the facts supporting a federal claim must have been submitted to the state courts." Lesko v. Owens, 881 F.2d 44, 50 (3d Cir. 1989) (citations omitted), cert. denied, 493 U.S. 1036 (1990).

However, when the petitioner cannot obtain state court review of his claims because of noncompliance with state procedural rules, the doctrine of procedural default generally bars federal habeas corpus review. Coleman v. Thompson, 501 U.S. 722, 729-32 (1991); Sistrunk v. Vaughn, 96 F.3d 666, 674-75 (3d Cir. 1996). The Third Circuit Court of Appeals recently explained:

> Procedural default occurs when a claim has not been fairly presented to the state courts (i.e., is unexhausted) and there are no additional state remedies available to pursue, see Wenger v. Frank, 266 F.3d 218, 223-24 (3d Cir. 2001); or, when an issue is properly asserted in the state system but not addressed on the merits because of an independent and adequate state procedural rule, see McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999).

---

See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004), cert. denied, 544 U.S. 1063 (2005).

Rolan, 680 F.3d at 317.  Upon a finding of procedural default, review of a federal habeas petition is barred unless the habeas petitioner can show "(1) the procedural rule was not independent and adequate; (2) cause for his failure to comply with state procedural rules and prejudice resulting therefrom; or (3) that a fundamental miscarriage of justice will occur if not considered." Peterkin v. Horn, 176 F. Supp.2d 342, 353 (E.D. Pa. 2001).[3]  See also Werts v. Vaughn, 228 F.3d 178, 192 (3d Cir. 2000).

>    **C.**     **Standard for Ineffective Assistance of Counsel Claims**

To establish a claim of ineffective assistance of counsel, a petitioner must show both deficient performance and prejudice.  Harrington v. Richter, 131 S. Ct. 770 (2011); Premo v. Moore, 131 S. Ct. 733 (2011); Strickland v. Washington, 466 U.S. 668 (1984).  In Strickland, the Supreme Court set forth a two prong test that a petitioner must satisfy before a court will find that counsel did not provide the effective assistance of counsel guaranteed by the Sixth Amendment.  Under this test, a petitioner must show: (1) that counsel's performance was deficient; and (2) counsel's deficient performance cause the petitioner prejudice.  Id. at 687-96.

---

[3]     "A state [procedural] rule provides an adequate and independent basis for precluding federal review if (1) the rule speaks in unmistakable terms; (2) all state appellate courts refused to review the petitioner's claims on the merits; and (3) their refusal is consistent with other decisions." Boyd v. Waymart, 579 F.3d 330, 368 (3d Cir. 2009) (quotation omitted). Petitioner can demonstrate cause for procedural default if he can show that some objective factor external to the defense impeded or prevented his ability to comply with the state procedural rules. Caswell, 953 F.2d at 862. The cause must be "something that cannot fairly be attributed to [the petitioner.]" Coleman, 501 U.S. at 753. To show prejudice, petitioner must present evidence that this factor did more than merely create a possibility of prejudice; it must have "worked to [petitioner's] actual and substantial disadvantage." Murray v. Carrier, 477 U.S. 478, 494 (1986) (emphasis in original) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). This exception to procedural default is concerned only with "actual" innocence and petitioner must show that in light of new evidence it is more likely than not that no reasonable juror would have convicted him absent the claimed error. Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

The United States Supreme Court recently observed that "[s]urmounting <u>Strickland's</u> high bar is never an easy task." <u>Premo</u>, 131 S. Ct. at 739 (quotation omitted). <u>See also</u> <u>Ross v. District Attorney of the County of Allegheny</u>, 672 F.3d 198, 209-10 (3d Cir. 2012) (discussing <u>Strickland</u>).

To show deficient performance, a petitioner must show "that counsel's representation fell well below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." <u>Strickland</u>, 466 U.S. at 687.  In evaluating counsel's performance, a reviewing court should be "highly deferential" and must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." <u>Id.</u> at 689.  Moreover, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" <u>Id.</u> (citation omitted).  The Court cautioned that the appropriate "question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." <u>Id.</u> at 740 (quoting <u>Strickland</u>, 466 U.S. at 690).

The United States Supreme Court recently explained the prejudice requirement for an ineffective assistance of counsel claim as follows:

> With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability

> sufficient to undermine confidence in the outcome." It is not enough "to show
> that the errors had some conceivable effect on the outcome of the proceeding."
> Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a
> trial whose result is reliable."

Harrington, 131 S. Ct. at 787-88 (citations omitted). See also Cullen v. Pinholster, 131 S. Ct.

1388, 1403 (2011) (The prejudice requirement of Strickland requires a "'substantial,' not

'conceivable,' likelihood of a different result."). In assessing prejudice, a court "'must consider

the totality of evidence before the judge or jury.'" Ross, 672 F.3d at 210 (quoting Strickland,

466 U.S. at 695). It follows that "'counsel cannot be deemed to be ineffective for failing to raise

a meritless claim.'" Id. at 211 n.9 (quoting Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000)).

Where, as in the instant case, the state court already has rejected an ineffective

assistance of counsel claim, a federal court must defer to the state court's decision pursuant to 28

U.S.C. § 2254(e)(1). See Yarborough v. Gentry, 540 U.S. 1, 5 (2003). The Court recently

stated:

> Establishing that a state court's application of Strickland was unreasonable
> under § 2254(d) all the more difficult. The standards created by Strickland and
> § 2254(d) are both 'highly deferential,' id. at 689; Lindh v. Murphy, 521 U.S. 320,
> 333 n.7 . . . (1997), and when the two apply in tandem, review is 'doubly' so.
> Knowles, 556 U.S. at ___, 129 S. Ct., at 1420. The Strickland standard is a
> general one, so the range of reasonable applications is substantial. 556 U.S. at
> ___, [129 S. Ct., at 1420]. Federal habeas courts must guard against the danger of
> equating unreasonableness under Strickland with unreasonableness under §
> 2254(d). When § 2254(d) applies, the question is not whether counsel's actions
> were reasonable. The question is whether there is any reasonable argument that
> counsel satisfied Strickland's deferential standard.

Premo, 131 S. Ct. at 740 (quotation omitted).

D.      **Petitioner's Claims**

1.      **Counsel Was Ineffective For Failing To Preserve Favorable Evidence Excluded By The Trial Court**

Petitioner states his first claim as follows:

At the Commonwealth's request, an in camera hearing [was] held to prohibit [petitioner] from introducing evidence to establish that the alleged victim was 12 weeks pregnant at the time of the incident. Over objections, the trial court concluded that the evidence was not relevant and excluded the evidence. An offer of proof was made that the witness had motive to fabricate.

(Pet. ¶ 12.) Petitioner further argues that "[t]rial counsel knew the value of the evidence excluded by the prosecutor to avoid proper cross-examination for motive and the tendency to fabricate." (Pet'r's Reply at 19.) Petitioner also asserts that "had the trial counsel preserved the exculpatory evidence (the pregnancy of the alleged victim) by objecting to the prosecutor [sic] delay in calling the case to trial, the outcome of the proceeding would have been different." Id. at 20.

The Superior Court of Pennsylvania rejected this claim on direct appeal explaining as follows:

[Petitioner] claims that post-verdict counsel was ineffective because he failed to preserve several instances of trial court error. [Petitioner] claims he should have been permitted to introduce evidence that [the victim] was three months pregnant at the time of the attack and had engaged in sexual intercourse with her boyfriend three days earlier. Counsel cannot be deemed ineffective for failing to preserve this claim because it is meritless. Dr. Guenther testified that all observable signs of sexual activity were fresh, rendering [the victim's] sexual activity three days earlier irrelevant and barred by the Rape Shield Act. 19 Pa.C.S.A. § 3104. Additionally, although [petitioner] alleges that [the victim] claimed rape because she was twelve weeks pregnant, he fails to indicate what motivation she would have had in fabricating the story. We therefore find that counsel was not ineffective in failing to appeal the exclusion of [the victim's] pregnancy since the information is irrelevant.

Commonwealth v. Figueroa, No. 00418 Phila. 1993, slip op. at 5-6 (Pa. Super. Ct. Aug. 18, 1993).[4]

In rendering its decision, the Superior Court of Pennsylvania cited to Pennsylvania's Rape Shield Act which states as follows:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecution under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa. Cons. Stat. Ann. § 3104(a).  The Superior Court of Pennsylvania applied Pennsylvania's Rape Shield Law in denying petitioner's claim that counsel was ineffective for failing to preserve this issue on appeal.

"It is well established that an inquiry into whether evidence was properly admitted . . . under state law 'is not part of a federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.'"  Holden v. Mechling, 2006 WL 758287, at *5 (M.D. Pa. Mar. 22, 2006) (quoting Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)).  The admission or exclusion of evidence is within the sound discretion of the trial court.  Scales v. United States, 367 U.S. 203, 256 (1961). "Discretionary rulings regarding the admissibility of evidence are . . . best left to the province of the trial judge."  Yohn v. Love, 76 F.3d 508, 525 (3d Cir. 1996).  See also Moss v. Nelson, 2008 WL 4542302, at *7 (M.D. Pa. Oct. 9, 2008) (habeas claim that implicates state evidentiary rules,

---

[4]    The court notes that petitioner admits that counsel objected to the exclusion of evidence regarding the victim's pregnancy.  See Pet. ¶ 12 ("Over objections, the trial court concluded that the evidence was not relevant and excluded the evidence.  An offer of proof was made that the witness had motive to fabricate." (emphasis added)).

not federal law, not cognizable in federal habeas proceeding).  The state courts applied

Pennsylvania's Rape Shield Law and properly excluded the evidence of the victim's sexual past.

This federal court may not reexamine the state courts' application of state evidentiary law.

It also is well established that "errors of state courts are not considered to be of

constitutional proportion, cognizable in federal habeas proceedings, unless the error deprives a

defendant of fundamental fairness in his criminal trial." Bisaccia v. Att'y Gen. of the State of

New Jersey, 623 F.2d 307, 312 (3d Cir.), cert. denied, 449 U.S. 1042 (1980).  "To constitute the

requisite denial of fundamental fairness sufficient to issue a writ of habeas corpus, the

erroneously admitted evidence must be material in the sense of a crucial, critical, highly

significant factor, and the probative value of the evidence must be so conspicuously outweighed

by its inflammatory content that a defendant's constitutional right to a fair trial has been

violated." Peterkin v. Horn, 176 F. Supp. 2d. 342, 365 (E.D. Pa. 2001) (quotation omitted).

Under this standard, this court finds no error with the state court's exclusion of the

evidence.  Petitioner claims he should have been permitted to introduce evidence that the victim

was three months pregnant at the time of the attack and had engaged in sexual intercourse with

her boyfriend three days earlier.  The Superior Court of Pennsylvania noted that the physician

who examined the victim after the incident testified that all observable signs of sexual activity

were fresh, rendering the victim's sexual activity three days earlier irrelevant and barred by the

Rape Shield Act.  18 Pa.C.S.A. § 3104.  The Superior Court of Pennsylvania also noted that

although petitioner alleged that the victim claimed rape because she was twelve weeks pregnant,

he failed to indicate what motivation she had to fabricate the story. Commonwealth v. Figueroa,

No. 00418 Phila. 1993, slip op. at 5-6 (Pa. Super. Ct. Aug. 18, 1993).  The state court's

13

adjudication of petitioner's claim did not result in a decision that was contrary to, or involve an unreasonable application of, clearly established Federal law, and did not result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also argues in his first habeas claim that trial/direct appeal counsel were ineffective for failing to preserve for appeal the trial court's exclusion of evidence regarding the victim's pregnancy. As noted above, this issue was presented and rejected on direct appeal. See Commonwealth v. Figueroa, No. 00418 Phila. 1993, slip op. at 5-6 (Pa. Super. Ct. Aug. 18, 1993). For all these reasons, petitioner's first habeas claim should be denied.

> ### 2. Trial Counsel Was Ineffective For Failing To Explain Ramifications Of Petitioner Testifying On His Own Behalf

This pro se petitioner explains his second habeas claim as follows:

> Prior to trial conversation [sic] were held between Petitioner [and] trial counsel with regards to testifying at trial. Once the trial court made the determination to [exclude certain] evidence, however, Petitioner made specifically clear to trial counsel that his testimony would be more prejudicial than beneficial. Over Petitioner's [objection], trial counsel informed the jury during the opening statements that Petitioner will take the witness stand. The purpose of counsel's [decision] was to [elicit] prejudicial testimony regarding Petitioner's arrest and conviction.

(Pet. ¶12.) Petitioner elucidated further on this claim in his Reply as follows:

> Trial counsel was ineffective for advising Petitioner to take the witness stand to elicit testimony from him regarding his parole status during the time the incident took place. The error committed by counsel in questioning Petitioner about his parole status is not harmless and it contributed to the verdict. Up to this point the case of the Commonwealth consisted of uncorroborated testimony of the alleged victim about being raped six or seven times. The prior bad acts evidence presented to the jury inflamed the jury's passions to find Petitioner guilty and it was substantially prejudicial.

(Pet'r's Reply at 25-26.)

Following an evidentiary hearing at which petitioner's trial counsel, Michael

Brunnebend, Esquire, testified, the PCRA court rejected this claim stating as follows:

> Defendant maintains that Attorney Brunnebend was ineffective for forcing
> Defendant to take the stand in his own defense.  Attorney Brunnebend, however,
> discussed with Defendant the advantages and disadvantages of taking the stand.
> Although Attorney Brunnebend recommended that Defendant take the stand, the
> ultimate decision was left to Defendant.  Thus, we cannot find that Attorney
> Brunnebend <u>forced</u> Defendant to take the stand in his defense.  Hence, we find
> that Defendant's suggestion is without merit and counsel will not be deemed
> ineffective.
>
> Defendant also contends that Attorney Brunnebend was ineffective for
> questioning Defendant relative to his prior criminal activity.  A review of the
> record, however, reveals that Defendant volunteered information relating to his
> prior criminal activity before counsel posed any questions to him.  Therefore, we
> find that Defendant's contention lacks arguable merit.  Moreover, we find that any
> questioning of Defendant about his prior criminal record by Attorney Brunnebend
> was reasonably based as Attorney Brunnebend was merely attempting to clarify
> the information volunteered by Defendant.  Thus, counsel will not be deemed
> ineffective.

<u>Commonwealth v. Figueroa</u>, No. 1527/1987, slip op. at 8 (C.P. Lehigh Nov. 18, 1997) (emphasis

in original; footnote omitted).  In a footnote, the PCRA court noted that "[w]hile on the witness

stand, Defendant indicated that he was **on parole** at the time of the rape." <u>Id.</u> at 8 n. 10

(emphasis in original).

After a hearing, the Superior Court of Pennsylvania concluded that trial counsel

had discussed with petitioner the advantages and disadvantages of testifying on his own behalf,

and that petitioner made the ultimate decision to take the stand. <u>Id.</u> at 8.  These findings of fact

are binding on this court. <u>See</u> <u>Strickland</u>, 466 U.S. at 698 ("[I]n a federal habeas challenge to a

state criminal judgment, a state court conclusion that counsel rendered ineffective assistance of

15

counsel is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. §

2254(d). . . . [S]tate court findings of fact made in the course of deciding an ineffectiveness

claim are subject to the deference requirement of § 2254(d)."); Romero v. Folino, 2005 WL

441954, at *8 (E.D. Pa. Feb. 25, 2005) (state court ruling on state claim which formed basis of

ineffective assistance of counsel claim was binding on federal habeas court) (citing Clark v.

Grosse, 16 F.3d 960, 964 (8th Cir.), cert. denied, 513 U.S. 834 (1994)).  The state court findings

that counsel discussed with petitioner the advantages and disadvantages of testifying on his own

behalf, and that petitioner made the ultimate decision to take the stand, support the state court's

conclusion that trial counsel was not ineffective.  The state court's adjudication of petitioner's

ineffective assistance of counsel claim did not result in a decision that was contrary to, or involve

an unreasonable application of, clearly established Federal law, and did not result in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in

the state court proceeding.  Petitioner's habeas claim should be denied.

### 3.   Ineffective Assistance Of Counsel On Direct Appeal When Counsel Created An Inordinate Delay

Petitioner states as follows in support of his third habeas claim:

> Attorney Charles A. Banta was appointed on December 22, 2005, for the purpose of representing Petitioner's direct appeal.  Promptly thereafter, Petitioner wrote Attorney Banta to establish communication and execution of the appeal. The letter was acknowledged by Attorney Banta.  An unnecessary delay was created by Attorney Banta from Dec. 22, 2005 to October 30, 2008, when the Federal Court pursuant to a Rule 60(b) issued yet another order directing the filing of the appeal within 30 days.  The issue has been presented to the PCRA court, but it has been dismissed by that court on the grounds that the court lacked jurisdiction.

(Pet. ¶ 12.)  Petitioner asserts that upon being ordered by the federal court to proceed with

petitioner's direct appeal, Attorney Banta sought "to punish Petitioner for insisting that his

appeal proceeds," and counsel therefore "filed a 'boiler plate' appeal that included three issues,

none of which raised constitutional violations."  (Pet'r's Reply at 28.)

      The Superior Court of Pennsylvania on PCRA appeal affirmed the PCRA court's

denial of this claim and concluded as follows:

> In his second issue, Appellant alleges that his most recent direct appeal
> counsel was ineffective by creating an inordinate delay and denying him due
> process of law.
>
>     .  .  .
>
> Appellant highlights that his counsel was given ninety days to commence
> his direct appeal after the federal court reinstated his direct appeal rights nunc pro
> tunc in 2005, and that in September of 2008, the federal court again ordered
> counsel to file the appeal.  Accordingly, Appellant submits that the thirty-four-
> month delay in filing the appeal violated his due process rights.  While we
> condemn direct appeal counsel's nearly three-year delay in filing Appellant's
> direct appeal, we find that he has not suffered actual prejudice that would entitle
> him to PCRA relief.
>
> In construing whether due process was violated due to such delay, we rely
> on the four-part test announced in Barker v. Wingo, 407 U.S. 514 (1972).  "We
> recognize that Barker related specifically to a speedy trial claim, but our courts
> have subsequently applied it to due process claims of delay."  Commonwealth v.
> Burkett, 5 A.3d 1260, 1276 (Pa.Super. 2010) (discussing Barker test in context of
> delay in conducting PCRA review).  "Pursuant to Barker, the court first considers
> whether the delay itself is sufficient to trigger further inquiry.  Second, the court
> must evaluate the reason for the delay.  Thirdly, the court must ascertain the
> timeliness of the defendant's assertion to his right; and lastly, the court must
> decide if there exists any resulting prejudice to the defendant."  Id.  In addition,
> where the claim is premised on ineffective assistance of counsel, the petitioner
> must demonstrate that there is a reasonable probability that the outcome of his
> direct appeal would have changed.
>
> We believe that the nearly three-year delay is sufficient to trigger inquiry,
> and the reasons for the delay cannot be attributed to Appellant since he did not
> take any action that could cause the delay.  With respect to whether he timely

asserted his rights, we are cognizant that nothing in the state court record demonstrates that he made efforts to prompt counsel to file his direct appeal. However, we acknowledge that the federal courts reinstated Appellant's direct appeal rights and he may have sought relief therein.  Nonetheless, assuming Appellant diligently asserted his rights, we find that he cannot establish that there is reasonable probability that the result of his direct appeal would have been altered.

This Court has previously held that even inordinate delays in appealing a case caused by sentencing delay will not automatically result in prejudice on direct appeal.  . . .  Prejudice in the direct appeal context results where state action causes or permits the delay resulting in a process that was fundamentally unfair. However, herein we must view Appellant's claim through the prism of his ineffective assistance of counsel claim.  Therefore, as set forth previously, Appellant must demonstrate that there is a reasonable probability that the outcome of his direct appeal would have changed.  The delay in filing the appeal could not have altered this Court's discussion relevant to his weight of the evidence claim. In addition, the delay in submitting his counseled direct appeal did not limit his grounds for appeal nor has he argued that a possible defense would have been impaired.  Accordingly, Appellant is not entitled to relief based on his attorney's failure to promptly file his direct appeal after his appellate rights were reinstated.

Commonwealth v. Figueroa, No. 168 EDA 2011, slip op. at 6-9 (Pa. Super. Ct. Dec. 19, 2011).

The Third Circuit Court of Appeals has held that a defendant has a due process right to a speedy appeal.  See Simmons v. Beyer, 44 F.3d 1160, 1169 (3d Cir. 1995) (citing Burkett v. Cunningham, 826 F.2d 1208, 1221 (3d Cir. 1987)).  In order to evaluate a speedy appeal/due process claim, the court must consider the factors outlined in Barker v. Wingo, 407 U.S. 514 (1972):  (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant.  Petitioner, however, stated this habeas claim as an ineffective assistance of counsel claim, and this court, therefore, must apply the standard for such claims set forth in Strickland.

18

Considering the Strickland factors, this court finds that petitioner has failed to satisfy the second prong requiring a showing of prejudice.[5] As noted above, the United States Supreme Court recently explained that in order to establish prejudice under the Strickland standard, "a challenger must demonstrate 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Harrington, 131 S. Ct. at 787-88 (citations omitted). See also Cullen, 131 S. Ct. at 1403 (The prejudice requirement of Strickland requires a "'substantial,' not 'conceivable,' likelihood of a different result."). In the instant matter, petitioner received the direct appeal to which he was entitled. None of his direct appeal claims were waived or otherwise lost as a result of the delay. As detailed by the Superior Court of Pennsylvania above,

> The delay in filing the appeal could not have altered this Court's discussion relevant to his weight of the evidence claim. In addition, the delay in submitting his counseled direct appeal did not limit his grounds for appeal nor has he argued that a possible defense would have been impaired. Accordingly, defendant is not entitled to relief based on his attorney's failure to promptly file his direct appeal after his appellate rights were reinstated.

Commonwealth v. Figueroa, 168 EDA 2001, slip op. at 7 (Pa. Super. Ct. Dec. 19, 2011).

Petitioner urges that, upon consideration of the factors set forth in Barker, his due process rights were violated and he was prejudiced due to appellate counsel's failure to include in the appeal "claims pointed out by Petitioner." (Pet'r's Reply at 29.) Petitioner asserts that he informed appellate counsel that he wished to raise a Batson claim on direct appeal as well as the habeas claims now pending in this habeas petition. Other than the Batson claim, petitioner's

---

[5]     Consequently, petitioner also failed to satisfy the fourth factor required by Barker.

19

habeas claims raised herein were considered by the state courts and by this habeas court. Since these claims were considered by the state courts, counsel cannot be ineffective for failing to raise them.

With respect to the Batson claim, petitioner does not assert that the delay itself caused the Batson claim to be waived. Petitioner raised the Batson claim in his PCRA proceeding. The PCRA court rejected this claim and the Superior Court of Pennsylvania affirmed stating as follows:

> Our review of the record confirms that trial counsel did not present any objection during jury selection. N.T., 7/13/88, at 2 (discussing waiver of court's presence during jury selection and that Appellant was satisfied with the jury selection process); N.T., PCRA hearing, 9/12/97, at 61-66. Therefore, the issue would be waived unless Appellant presented his argument under the ineffective assistance of counsel test. . . . Appellant has not alleged or argued his position within the parameters of ineffective assistance of counsel. Accordingly, Appellant has waived the issue.

Commonwealth v. Figueroa, No. 168 EDA 2011, slip op. at 10 (Pa. Super. Ct. Dec. 19, 2011) (footnotes and citation omitted). Petitioner, after choosing to proceed pro se, see Commonwealth v. Figueroa, 29 A.3d 1177 (Pa. Super. Ct. 2011), could have raised this claim as an ineffective assistance of appellate counsel claim in his PCRA proceedings, but did not. This failure is unrelated to appellate counsel's delay in bringing the appeal.[6] For all these reasons, petitioner's third claim should be denied.

---

[6] Petitioner contends that appellate counsel refused to raise the claims requested by petitioner "to punish Petitioner for insisting that his appeal proceeds." (Pet'r's Reply at 28.) Petitioner offers no support for this bald assertion.

4.      **Petitioner's Constitutional Right To A Fair Trial Was Violated When Blacks And Hispanics Were Excluded From His Jury In Violation Of Batson v. Kentucky**

Petitioner asserts as follows with respect to his final habeas claim:

At the time of the jury selection, there were none [sic] Blacks or Hispanics in the room where Petitioner was taken to pick the jury.  At the time of the jury selection, no objection to the procedure could be raised because there was no judge present during the selection.  Although Petitioner protested in open court, the trial court judge entirely disregarded the objection under the pretext that the jury has been selected.  The trial court overruled the objection.

Petitioner raised this claim in his PCRA petition.  The PCRA court denied the claim and the

Superior Court of Pennsylvania affirmed explaining as follows:

Next, Appellant asserts that his right to a fair trial was denied based on a violation of Batson v. Kentucky, 476 U.S. 79 (1986).  In Batson, the United States Supreme Court held that a defendant's equal protection rights could be infringed by a discriminatory jury selection process in which prospective jurors were eliminated solely on their race.  Appellant contends that he objected to the jury panel, but that "there was no judge present during the selection of the jury." Appellant's brief at 21.  In addition, he submits that he has continuously requested transcripts of the voir dire notes of testimony to establish that the prosecution violated Batson by selecting an all-white jury.  He asserts that he is entitled to the voir dire transcripts to argue effectively his Batson violation contention.  The crux of Appellant's claim, however, is not that the prosecutor exercised peremptory challenges in a discriminatory manner, but that the entire jury panel of approximately forty to sixty people consisted of Caucasians and thus violated the fair cross-section requirement.  See Duren v. Missouri, 439 U.S. 357 (1979) (exclusion of women during jury process denies defendant a petit jury from a fair cross-section of the community); Smith v. State of Texas, 311 U.S. 128 (1940) (preclusion of African Americans from grand jury pool based on race violates equal protection).

Our review of the record confirms that trial counsel did not present any objection during jury selection.  N.T., 7/13/88, at 2 (discussing waiver of court's presence during jury selection and that Appellant was satisfied with the jury selection process); N.T., PCRA hearing, 9/12/97, at 61-66.  Therefore, the issue would be waived unless Appellant presented his argument under the ineffective assistance of counsel test.  Commonwealth v. Chmiel, ___ A.3d ___ (Pa. 2011), 2011 WL 5383019, *4.  Appellant has not alleged or argued his position within

21

the parameters of ineffective assistance of counsel.  Accordingly, Appellant has
waived the issue.

Commonwealth v. Figueroa, No. 168 EDA 2011, slip op. at 9-10 (Pa. Super. Ct. Dec. 19, 2011)

(footnotes omitted).  The appellate court also noted that:

> Appellant asserts that he objected to the panel, but because the judge was
> not present, his objection was not heard.  However, Appellant was not entitled to
> hybrid representation at trial and has not alleged that counsel was ineffective for
> agreeing to conduct voir dire without the presence of the judge.  Moreover,
> Appellant himself acknowledged that the issue of the racial composition of the
> jury panel was not presented to the court.  N.T., PCRA hearing, 9/12/97, at 27.

Id. at 10 n. 4.  The Supreme Court of Pennsylvania denied further review.  Commonwealth v.

Figueroa, 40 A.3d 196 (Pa. May 16, 2012).

Petitioner did not raise this claim on counseled direct appeal.  Petitioner, after a

court hearing in which he rejected appointment of counsel and insisted on proceeding pro se,

raised the claim in his pro se PCRA petition, but the court found it to be waived.  Petitioner

could have, but did not, assert an ineffective assistance of counsel claim regarding appeal

counsel's failure to raise the claim on direct appeal.  This claim is unexhausted and, for purposes

of this habeas case, is procedurally defaulted.  As explained in detail above, procedural default

can be overcome with a showing of "cause and prejudice" or a "fundamental miscarriage of

justice."  Petitioner has asserted neither cause and prejudice nor a fundamental miscarriage of

justice.  This claim was procedurally defaulted and this court may not consider it now on habeas

review.

22

III.   **PENDING MOTIONS**

Petitioner has outstanding two motions: (1) Petition for Appointment of Counsel (Doc. No. 20); and (2) Motion to Expand the Record with Transcripts of Jury Selection (Doc. No. 17).  For the reasons set forth below, both of these motion should be denied.

A.   **Petition for Appointment of Counsel**

Petitioner requests appointment of counsel to assist him in the prosecution of his habeas petition.  Petitioner asserts that counsel should be appointed because, inter alia, the issues presented are complex and have merit.  There is no constitutional right to counsel in a federal habeas corpus proceeding.  See Coleman v. Thompson, 501 U.S. 722, 725 (1991); Reese v. Fulcomer, 946 F.2d 247, 263 (3d Cir. 1991), cert. denied, 503 U.S. 988 (1992).  Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required, and the petitioner qualifies to have counsel appointed under 18 U.S.C. § 3006A.  See Rule 8(c) of the Rules Governing Section 2254.  Otherwise, a court may exercise its discretion in appointing counsel to represent a habeas petitioner, who is "financially eligible" under the statute, if the court "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2); Reese, 946 F.2d at 263-64.

Under these guidelines, counsel may be appointed where a pro se prisoner in a habeas action has made a colorable claim, but lacks the means to adequately investigate, prepare, or present the claim.  Id.  District courts have discretion to appoint counsel in habeas cases where the interests of justice so require.  18 U.S.C. § 3006A; United States ex rel. Manning v. Brierley, 392 F.2d 197, 198 (3d Cir.), cert. denied, 393 U.S. 882 (1968).  Factors to consider include whether the claims raised are frivolous, the complexity of the factual and legal issues, and if

appointment of counsel will benefit the petitioner and the court.  See, e.g., Reese, 946 F.2d at 263-64.

   Here, three of the four habeas claims raised by petitioner lack merit and the fourth claim is procedurally defaulted.  No evidentiary hearing is warranted.  Counsel will provide no benefit to petitioner or the court, and the interests of justice do not require appointment of counsel.  Petitioner's Petition for Appointment of Counsel should be denied.

  **B.**  **Motion to Expand the Record with Transcripts of Jury Selection**

   Petitioner requests that the record be supplemented with the notes of testimony from his trial of jury selection, and the opening and closing statements.  Petitioner contends that these transcripts are needed to support his Batson claim.  (Mot. to Expand ¶ 2.)  Petitioner also asserts that these transcripts are necessary to disclose improper remarks and "emphasis" made by the prosecutor in the opening and closing statements, to demonstrate that defense counsel became "an assistant prosecutor" at the trial "proffer[ing] guilt to some degree," and to support a claim regarding "the weight and the sufficiency of the evidence."  Id. ¶¶ 3-8.

   The Motion to Expand should be denied.  First, petitioner's Brady claim is procedurally defaulted and cannot be considered herein.  Consequently, no additional evidence is needed regarding this claim.  Second, petitioner contends that the notes of testimony will reveal improper remarks and "emphasis" by the prosecutor.  Id. ¶¶ 3-5.  Such evidence would be irrelevant in this proceeding as petitioner does not assert a claim of prosecutorial misconduct in his habeas petition.  Third, the record was sufficient to consider petitioner's ineffective assistance of counsel claims, which are meritless and should be denied.  Finally, evidence regarding the weight and sufficiency of the evidence would be irrelevant in this proceeding as petitioner does

not assert habeas claims challenging the weight and sufficiency of the evidence, nor would such claims entitle petitioner to habeas relief. See Tibbs v. Florida, 457 U.S. 31, 42-45 (1982) (claim that verdict is against the weight of the evidence not cognizable in a habeas corpus proceeding); Jackson v. Virginia, 443 U.S. 307, 324 (1979) (habeas petitioner is entitled to relief on a sufficiency of the evidence claim only "if it is found that upon the record evidence adduced at trial no rational trier of fact could have found proof beyond a reasonable doubt").

For all these reasons, petitioner's Motion to Expand should be denied.

## VII.   **CONCLUSION**

For all of the above reasons, the court makes the following:

### R E C O M M E N D A T I O N

AND NOW, this 24th day of October, 2012, the court respectfully recommends that the petition for a writ of habeas corpus be **DENIED**, petitioner's Petition for Appointment of Counsel (Doc. No. 20) and petitioner's Motion to Expand the Record (Doc. No. 17) be **DENIED**, and that no certificate of appealability be issued.[7]

Petitioner may file objections to the Report and Recommendation. See Loc. R. Civ. P. 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

BY THE COURT:

THOMAS J. RUETER
United States Magistrate Judge

---

[7]      The COA should be denied because petitioner has not shown that reasonable jurists could debate whether his petition should be resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

25

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSUE FIGUEROA                          :           CIVIL ACTION

   v.                                   :

MIKE WENEROWICZ, et al.                 :           NO.  11-1292

**ORDER**

AND NOW,  this      day of                        , 2012, upon

consideration of the pleadings and record herein, and after review of the Report and

Recommendation of United States Magistrate Judge Thomas J. Rueter, it is hereby

**ORDERED**

that:

      1.        The Report and Recommendation is **APPROVED** and **ADOPTED**;

      2.        Petitioner's petition for a writ of habeas corpus is **DENIED**;

      3.        Petitioner's Petition for Appointment of Counsel (Doc. No. 20) is

**DENIED**;

      4.        Petitioner's  Motion to Expand the Record with Transcripts of Jury

Selection (Doc. No. 17) is **DENIED**; and

      5.        There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____

PETRESE B. TUCKER,            J.